IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02359-STV

ROCKY MOUNTAIN IMMIGRANT ADVOCACY NETWORK,

    Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT.

    Defendant.

# ANSWER

Defendant answers Plaintiff's Complaint.  ECF No. 1.  Each allegation that is not specifically admitted is denied.

## INTRODUCTION

1. Paragraph 1 contains Plaintiff's statement of the case and legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

2. Defendant admits that Mr. Mendoza was detained by Defendant, housed at the Denver Contract Facility, and is now deceased.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2.

3. Defendant admits that there are media reports surrounding the death of Mr. Mendoza, as cited in Footnote 1 to the Complaint.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3.

4. Defendant admits that there are media reports regarding deaths of individuals

1

detained by Defendant, as cited in Footnote 2 to the Complaint, but otherwise denies the allegations in Paragraph 4.

5. Defendant admits that on November 10, 2022, Plaintiff submitted a FOIA request. Defendant lacks knowledge or information to form a belief about the remaining allegations in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

7. Paragraph 7 contains Plaintiff's legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

8. Defendant admits that it issued an acknowledgment letter to Plaintiff in August 2023 after receiving Plaintiff's follow-up in July 2023, and that as of the date of the Complaint, Defendant had not provided a final response to Plaintiff's FOIA requests. Any remaining allegations in Paragraph 8 are denied.

9. Paragraph 9 contains Plaintiff's summary of other legal cases and news articles and a request for relief, to which no response is required. To the extent a response is required, the allegations are denied.

**JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION**

10. Paragraph 10 contains Plaintiff's legal conclusion regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this action was filed pursuant to 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

11. Paragraph 11 contains Plaintiff's legal conclusion regarding venue to which no response is required. To the extent a response is required, Defendant admits that the acts complained of are alleged to have occurred in Colorado, and that venue is thus proper in this

District.

12. Paragraph 12 contains Plaintiff's legal conclusion regarding applicable time limits, to which no response is required. To the extent that a response is required, Defendant only admits that a final response to Plaintiff's FOIA request was not provided as of the date of the Complaint, and denies the remaining allegations.

## PARTIES

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15.

## FACTUAL ALLEGATIONS

<u>The Detention and Death of Melvin Ariel Calero Mendoza at ICE's ACDF</u>

16. Defendant admits the allegations in Paragraph 16.

17. Defendant admits that Mr. Mendoza was detained upon his entry into the United States. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

RMIAN's FOIA Request and ICE's Failure to Respond

24. Defendant admits that Plaintiff submitted FOIA requests to Defendant, dated November 10, 2022, attached to the Complaint as Exhibit 1. The FOIA requests are best evidence of the contents of categories of record requests.

25. Paragraph 25 contains Plaintiff's legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that it has possession of responsive records.

26. Defendant admits the allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27 and its subparts.

28. Defendant admits the allegations in Paragraph 28.

RMIAN's Follow up and ICE's Continued Violations of its FOIA Obligations

29. Defendant admits that on July 18, 2023, Plaintiff sent an email to Defendant regarding the status of the FOIA requests, and further admits that as of the date of the filing of the Complaint, Defendant had not provided a final response to Plaintiff's FOIA requests. Defendant denies any remaining allegations in Paragraph 29.

30. Defendant admits the allegations in Paragraph 30.

4

31. Defendant admits the allegations in Paragraph 31.

32. Defendant admits that on August 1, 2023, Defendant issued an acknowledgement email to Plaintiff invoking a 10-day extension, including the quoted language in Paragraph 32 and its subparts, and denied Plaintiff's request for expedited processing. Defendant denies the remaining allegations contained in Paragraph 32 and its subparts.

33. Paragraph 33 contains Plaintiff's legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

34. Defendant admits that as of the date of the Complaint, Defendant had not provided a final response to Plaintiff's FOIA requests.

## CLAIM FOR RELIEF

### *Count I: Failure to Issue Determination in Response to FOIA Request Within the Time Required in Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)*

35. Defendant incorporates its responses to Paragraphs 1-34 herein.

36. Paragraph 36 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that FOIA and applicable regulations provide a timeline for responses to FOIA requests. Defendant further admits that *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) contains the quote: "must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." Defendant denies any remaining allegations in Paragraph 36.

37. Paragraph 37 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that as of the date of the

5

Complaint, Defendant had not provided a final response to Plaintiff's FOIA requests. Defendant denies the remaining allegations in Paragraph 37.

38. Paragraph 38 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38.

***Count II: Failure to Timely Respond to Request for Expedited Processing and to Expedite Processing of FOIA Request in Violation of FOIA, 5 U.S.C. § 552(a)(6)(E), and DHS Regulations, 6 C.F.R. § 5.5(e)***

39. Defendant incorporates its responses to Paragraphs 1-38 herein.

40. Paragraph 40 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that FOIA and applicable regulations provide the timeline for responses to FOIA requests, and denies the remaining allegations in Paragraph 40.

41. Paragraph 41 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that the FOIA and applicable regulations provide parameters pertaining to expedited processing of FOIA requests. Defendant denies the remaining allegations contained in Paragraph 41.

42. Paragraph 42 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that Defendant denied Plaintiff's request for expedited processing. Defendant denies the remaining allegations contained in Paragraph 42.

43. Paragraph 43 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant admits only that it denied Plaintiff's

6

request for expedited processing.  Defendant denies the remaining allegations contained in Paragraph 43.

44.	Paragraph 44 contains Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 44.

45.	Paragraph 45 contains Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to relief.

### Count III: Failure to Reasonably Search for and Promptly Produce Responsive Records in Violation of FOIA, 5 U.S.C. § 552(a)

46.	Defendant incorporates its responses to Paragraphs 1-45 herein.

47.	Paragraph 47 contains Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits that the FOIA and applicable regulations provide the parameters and timelines for the searching and production of responsive records, including use of the phrase "promptly."  Defendant denies the allegations contained in Paragraph 47.

48.	Paragraph 48 contains Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 48.

49.	Paragraph 49 contains Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to relief.

### PRAYER FOR RELIEF

Plaintiff's "WHEREFORE" clause sets forth Plaintiff's Prayer for Relief and does not require a response.  To the extent a response is required, Defendant denies that Plaintiff is

entitled to the requested relief.

**Any allegations contained in the Complaint which have not been expressly admitted are denied.**

## DEFENSES

1. Defendant has complied with FOIA and is in the process of responding to Plaintiff's FOIA requests to the extent required by law.

2. Exceptional circumstances exist, and Defendant is exercising due diligence in responding to Plaintiff's requests.

3. The FOIA requests that are the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required.

Respectfully submitted this 12th day of February, 2024,

        COLE FINEGAN
        United States Attorney

        *s/Andrew M. Soler*
        Andrew M. Soler
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, CO 80202
        Tel: (303) 454-0100
        Andrew.Soler@usdoj.gov
        Counsel for the Defendant

## CERTIFICATE OF SERVICE

I certify that on February 12, 2024, I filed the foregoing with the Clerk of the Court for the District of Colorado using the CM/ECF system, which will send a copy to the following email addresses:

Adrienne.boyd@arnoldporter.com

colin.obrien@arnoldporter.com

liam.e.oconnor@arnoldporter.com

s/ *Andrew M. Soler*
Andrew M. Soler
